The opinion of the Court was delivered by
O’Neall, J.
When this case was before the Law Court of Appeals, on a former occasion, 6 Rich. 334, it would seem from the words of the Judge delivering the opinion, (p. 342,) that the Court inclined to construe the condition, as not imposing “ an absolute liability to pay a money decreeand the case went back to ascertain whether Lewis Kirkland had failed “ to fulfil the conditions of the bond so as to implicate the defendant, his surety, until it appeared that he was in default, in that Nimrod and Comba were not forthcoming?”
This question came before me, and I thought, that inasmuch as the Court of Equity had rendered a mere money decree, and had made no order touching the slaves, that a breach of the bond was not shown: and, on expressing that opinion, the plaintiff asked for leave to submit to a non-suit, which was granted.
The appeal brought up no other question than the correctness of this ruling, and none other was needed to have been considered.
But it has been supposed by some of the Court that the liability of the defendant to the money decree was still, notwithstanding the former opinion, open for the plaintiff to rely upon, and the defendant (as he had a right to do to sustain the nonsuit,) has denied the power of the Commissioner to grant such an order as that made in this case, and has therefore strongly urged -the unlawfulness of the bond.
This question raised by the defendant is first to be considered. The power of granting, by a Chancellor, special injunctions to restrain the party defendant from doing some act which would or *353 might be irreparably injurious to the complaniant, is undoubted. This was, as is said by Chancellor Harper in Ramsay vs. Joyce, McM. Eq. 252, irregularly exercised against the removal of property from this State, or to compel it to be forthcoming to abide the order of the Court, by requiring security to obey the provisions of such an injunction. In the case of Ellis vs. Commander, 1 Strob. Eq. 188, such writs and such practice had the sanction of the Court.. In that case, Chancellor Dunkin says, “ Many cases may be found in the books of reports in which the defendant has been required to give security to abide the order of injunction for the- forthcoming of the property.” After that case it may be considered as settled, that an injunction ordering. security for the forthcoming of property in litigation is within the power of the Court of Equity, and may be granted by a Master or Commissioner under the 8th section of the Act of 1840, 11 Stat. 110, which says, that “Masters and Commissioners in Equity shall, in their respective districts, have the further power to grant injunctions, both special and common, conformably to the rules and practice of the Court.” If, therefore, the order for the injunction is merely for the forthcoming of the property, Nimrod and Comba, to abide the decree of the Court in relation to them, it would be according to the practice of the Court as settled in Ellis vs. Commander. But if it be further to compel the party to find sureties to perform any other decree, such as the payment of money, it is beyond all doubt contrary to the rules and practice of the Court of Equity. No Chancellor in England or this country ever granted such an injunction or made such an order. If it were to receive the sanction of any Court, I know no greater usurpation than it would be. For it would be literally binding the defendant hand and foot for the sacrifice.
But I take it, the true construction of this order and of thé bond, is, that the defendant shall abide by and perform such orders and decrees as the Court shall make touching the slaves Nimrod and Comba, who were to be forthcoming according to *354 the words of the order and bond. It is true, the words used might extend to any order or decree made in the cause, but that would render the whole void as an illegal requisition and condition, and hence, therefore, the narrower construction is preferred; “mí res magis valeat quam pereat”
Thus construing the bond, the inquiry arises, has there been any breach of the condition ? It is clear there has been none. For the bill alleged that Nimrod and Comba were the acquisitions by the defendant from the trust funds, and therefore it claimed in one aspect that they should be delivered: and, in another, that the defendant account for the funds received.
In the report, the account is entirely for the alleged trust fund: the value of Nimrod, which was once included in the report, was afterwards struck out, inasmuch as the defendant had been already charged with the money which bought him. This report was confirmed, and the defendant ordered to pay the amount, $660.19. There is not one word said touching Nimrod and Comba: they are not ordered to be forthcoming, or ordered to be delivered up. How can it be pretended there is any breach shown ? It is plain there is none, unless it be in that part of the decree which directs, “unless Lewis Kirkland do, by the 5th March next, fulfil the conditions of the bond given by him in this cause, and dated the 7th May, 1849, the Commissioner do put the said bond in suit.” This, as was said by one of the Chancellors at the hearing, is the order of the complainant’s solicitor: it is no judgment of the Court of' Equity on the matters in controversy; it is a mere license to the complainant to sue the bond at law.
The motion to set aside the nonsuit is dismissed.
DuneiN, Da:rgaN, and Wardlaw, CC., and WhitNer, Glover, and Mumto, JJ., concurred.